IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BENEDICT MEISSNER, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: |
| v. | ) | |
| | ) | |
| BULLDAWG MUSCLECARS, LLC, and | ) | |
| JOE HINDS, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW Benedict Meissner, Jr. (hereinafter "Plaintiff") Plaintiff in the above-styled matter, and files this, his Complaint against Defendants, BullDawg Musclecars, LLC and Joe Hinds (hereinafter collectively referred to as "Defendants"), and respectfully shows the Court as follows:

## **PARTIES, JURISDICTION AND VENUE**

### 1.

Plaintiff Benedict Meissner, Jr. is a resident of Utah who resides: at 1141 West 360 North #18, St. George, Utah  84770.

### 2.

Defendant BullDawg Musclecars, LLC ("BullDawg") is a Georgia Limited Liability Company with its principal place of business at: 1119 Grassdate Road,

Cartersville, Bartow County, Georgia 30120.  Defendant BullDawg may be served through its registered agent: United States Corporation Agents, Inc., 1420 Southlake Plaza Dr., Morrow, Clayton County, Georgia 30260.

3.

Defendant Joe Hinds ("Hinds") is a resident of Georgia whose last known address is: 4026 Mt. Vernon Drive, Woodstock, Cherokee County, Georgia 30189. Mr. Hinds can be served with process at his residence.

4.

Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331, because federal question jurisdiction exists over Plaintiff's claims arising under the federal Fair Labor Standards Act, 29 U.S.C. §201, et seq.  Supplemental jurisdiction over Plaintiff's claims arising under Georgia law is proper pursuant to 28 U.S.C. §1367, because Plaintiff's state law claims form part of the same case or controversy and his federal claim under Article III of the United States Constitution.

5.

This Court has personal jurisdiction over the Defendants because Hinds resides in the Northern District of Georgia, and BullDawg's principal place of business is located in the Northern District of Georgia.  This case should be

assigned to the Atlanta Division because one of the co-defendants resides in Cherokee County.

6.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and (c) because Defendants are each subject to personal jurisdiction in the Northern District of Georgia; and Defendants all reside in the Northern District of Georgia pursuant to 28 U.S.C. §1391(b) and (c).

## STATEMENT OF FACTS

7.

In 2011, while Plaintiff was in his final year of a college automotive-based program at Utah Valley University in Orem, Utah, Defendant Hinds contacted him regarding a job at his auto shop in Georgia (Defendant BullDawg).

8.

In January of 2012, it was agreed that Plaintiff would begin work at Defendant BullDawg at a rate of $25.00 per hour.   Plaintiff would begin his employment upon relocation to Georgia subsequent to his graduation.

9.

Plaintiff bore the expense and burden of relocating himself and his family from Utah to Georgia based on the employment promises presented by Defendant

Hinds, which included a minimum of 40 hours a week paid at a rate of $25.00 per hour, who further stated there would be plenty of work, and up to 60 hours per week if Plaintiff wanted that many hours.

10.

Unfortunately, upon arrival, Plaintiff struggled to receive even 30 hours of work per week.

11.

Plaintiff further found that the shop was run in an inefficient and questionable manner.   Essentially, Defendants were utilizing client deposits to finance older projects, because deposits for those projects were used to pay off Defendant Hinds' personal and business debt.

12.

Plaintiff was instructed to hold off work on certain new projects so the deposits could be used to finance older projects.   Defendant Hinds was extremely particular regarding what work he would authorize on each project.   Defendant Hinds had sole discretion to authorize what work would be completed at any given time.

13.

Despite assurances that employees came first at Defendant BullDawg, the company quickly got behind on payroll.  Starting in November 2012, Defendants were two weeks behind on payroll.  Defendants remained deficient until December 21, 2012, when paychecks were caught up.  Relief seemed to be afforded to Plaintiff; however, that feeling was short lived.

14.

Sadly, that was the last pay received until January 24, 2013, when Plaintiff received $800.00 ($400.00 in cash and $400.00 via a check), an amount that was far below the amount then owing, $3,375.00.

15.

Thereafter, Plaintiff received $500.00 on February 25, 2013 and $1,000.00 on March 11, 2013.  These amounts nearly caught up the payroll for work performed from December 10, 2012 through January 18, 2013, leaving only a $75.00 shortfall.  Despite this shortfall, Plaintiff continued to work for Defendants through March 29, 2013 based on assurances he would be paid.

16.

Plaintiff performed restoration and maintenance work on antique and unique cars.  Plaintiff kept daily logs listing the projects he worked on, the work he performed, and the time he spent on each project.

17.

Defendant Hinds controlled and directed which jobs were to be worked on and what projects were to completed at any given time.

18.

Defendants Hinds and BullDawg directed how the work was to be completed, leaving little independent judgment on the part of Plaintiff.

19.

Plaintiff worked solely for Defendant BullDawg, and did not have the flexibility to have a second job since all working hours were dedicated to being available to work at Defendant BullDawg.

20.

Excuses were unlimited as to why payroll was not being kept up to date: Defendants were behind because customers were not paying their bills when they agreed to; Defendants had to use payroll money to pay the monthly bills so he could keep the doors open "or we'll all be out of a job"; and Defendants were using

payments from clients "to help get the business out of debt quicker so that once the debt is paid off [Hinds] will have the extra money to get payroll caught up and it will stay maintained."

21.

Moreover, Defendant Hinds openly admitted he was using BullDawg revenue to pay over $1,000 per month on his wife's American Express card.

22.

Defendants' failure to pay Plaintiff for the hours worked eventually became more than Plaintiff could bear, and he interviewed for and accepted a job in his home state of Utah.

23.

Back pay from Defendants was the only resource Plaintiff had to fund his trip back to Utah; thus, he agreed to work a few final days.  However, Defendants failed to remit the catch-up payments (or payment for the extra days worked) promised as an inducement to Plaintiff for his final days of work.

24.

Plaintiff's last day of work was March 29, 2013.  Shortly thereafter, he left his family behind to move back to Utah, since he was unable to afford to move his

family without having received a penny in income from Defendants for 2 ½ months of labor.

25.

Numerous requests for payment were made, with no substantive response and no payments.

26.

Payroll payments in the amount of $3,238.99 (inclusive of $7.74 in unpaid reimbursements) remain due and owing

## Count One
## Misclassification of Employment Status

27.

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 26 hereof as if fully set forth herein.

28.

Plaintiff was paid as an independent contractor via a 1099 for the hours worked at Defendant BullDawg.

29.

However, Plaintiff does not meet the requirements to be considered an independent contractor.

30.

Plaintiff is not free from control or direction over the performance of such services.

31.

Defendants controlled; when, how, and on what Plaintiff was allowed to work.

32.

Plaintiff was required to work the hours assigned him, and did not have the authority to alter his schedule.  Plaintiff did not have discretion to set his own work schedule.

33.

Plaintiff did not have the ability to accept or reject projects as he saw fit.

34.

Plaintiff was wrongfully classified as an independent contractor.

35.

Plaintiff was an employee.  Defendants knowingly misclassified Plaintiff to avoid paying their statutory contributions to SUTA (State Unemployment Tax Act), FICA (Federal Insurance Contributions Act), SS (Social Security) and FUTA (Federal Unemployment Tax Act).

36.

Plaintiff demands he be re-classified as an employee of Defendant BullDawg, entitled to all benefits afforded to W-2 employees.

## Count Two
## Failure to Pay Wages In Violation of the Fair Labor Standards Act

37.

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 26 hereof as if fully set forth herein.

38.

Defendants misclassified Plaintiff as a 1099 Independent Contractor, when he should have been paid as an employee with a W-2.

39.

Throughout his employment, Plaintiff worked diligently and worked 129.25 hours but received nothing in compensation. Plaintiff was never compensated for these hours, in violation of 29 U.S.C. §215.  The hours at issue are as follows:

| Pay Period Ending: | Hours | Pay Due |
|---|---|---|
| January 18, 2013 | 5.0 (3.0 unpaid) | $125.00 ($75.00 unpaid) |
| January 25, 2013 | 26.50 | $662.50 |
| February 1, 2013 | 18.5 | $462.50 |

| February 22, 2013 | 23.25 | $581.25 |
| March 1, 2013 | 17.75 | $443.75 |
| March 8, 2013 | 21.50 | $537.50 |
| March 15, 2013 | 3.0 | $75.00 |
| March 22, 2013 | 8.75 | $218.75 |
| March29, 2013 | 7.0 | $175.00 |
| Total | 129.25 | $3,231.25 |

40.

Defendants' failure to pay wages to Plaintiff was willful, as defined by 29 U.S.C. §255.

41.

As a result of Defendants' failure to pay wages to Plaintiff, Plaintiff is entitled to recover unpaid wages in excess of $3,000, and an equal amount in liquidated damages, plus prevailing party attorney's fees and costs.

## Count III
## Breach of Contract

42.

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 41 hereof as if fully set forth herein.

43.

Plaintiff performed his duties based on the oral agreement that he would be compensated at a rate of $25.00 per hour for each hour worked.

44.

Plaintiff detrimentally relied upon this promise that he would be paid, and continued working in reliance on Defendants' promise that pay was forthcoming.

45.

Plaintiff was continually led to believe he would be paid the wages promised.

46.

Plaintiff has not been paid the wages earned and that he is entitled to pursuant to the agreement, and has also not been fully reimbursed for costs advanced.

47.

Plaintiff has suffered damages for which he is entitled to recover as a result of the aforementioned breach.

## Count IV
## Quantum Meruit

48.

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 41 hereof as if fully set forth herein.

49.

In the alternative, Plaintiff performed valuable services for Defendants for which he has not been adequately compensated.  Plaintiff did not receive the compensation and expenses which he was promised in exchange for the services performed.  Plaintiff is entitled to receive the amount by which the value of his services exceeds the partial payments provided.

## Count V
## Unjust Enrichment

50.

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 41 hereof as if fully set forth herein.

51.

Defendants have withheld earned compensation from Plaintiff, thereby keeping for themselves the value of Plaintiff's labors.

52.

The actions of Defendants constitute a wrongful withholding of Plaintiff's property.

53.

As a result of Defendants' actions, Defendants have been unjustly enriched in an amount to be determined by a jury upon the trial of this matter.

**Count VI**
**Litigation Expenses Under O.C.G.A. §13-6-11**

54.

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 53 hereof as if fully set forth herein.

55.

Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense.

56.

Plaintiff is thus entitled to an award of all litigation expenses, including attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be made and entered in his favor and against Defendants, and requests the following:

a. That Plaintiff be properly classified as a W-2 employee;

b. That BullDawg be found a FLSA "employer" and Plaintiff found non-exempt;

c. An award of wages equal to the number of hours worked at Plaintiff's regularly hourly rate;

d. An award of liquidated damages equal to Plaintiff's wages;

e. That Plaintiff recover his owed expense reimbursements;

f. That Plaintiff recover from Defendants all past and future damages occasioned by Defendants' Breach of Contract, Unjust Enrichment and Quantum Meruit;

g. That Plaintiff recover all amounts which should have been paid on his behalf as a W-2 employee to SS, FICA, SUTA and FUTA;

h. Pursuant to O.C.G.A. §13-6-11, an award to Plaintiff of his costs and disbursements incurred herein including his attorney's fees incurred in prosecuting this action;

i. An award of attorney's fees and costs as provided under the Fair Labor Standards Act;

j.   An award of prejudgment interest;

k.   A trial by jury on all jury issues; and

l.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted this 26<u>th</u> day of November, 2013.

MOORE INGRAM JOHNSON & STEELE, LLP

s/**_Jeffrey A. Daxe_**
Jeffrey A. Daxe
Ga. Bar No.: 213701
Carey E. Olson
Ga. Bar No.: 843080
Attorneys for Plaintiff

326 Roswell Street
Marietta, GA 30060
Phone: 770-429-1499
Fax:   770-429-8631
Email: jad@mijs.com
        colson@mijs.com